IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-271-FL

| | | |
|---|---|---|
| CHERITA TARPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE ##15, 17) and plaintiff's timely objections to the memorandum and recommendation ("M&R") entered by the magistrate judge. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rules in favor of defendant on the parties' cross-motions.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income payments on May 17, 2005, alleging a disability onset date of January 19, 2005. After the claims were denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing, at which plaintiff was represented by counsel and a vocational expert ("VE") appeared and testified, took place via video-teleconference on September 27, 2007. On November 30, 2007, the ALJ issued a decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff argues that the ALJ's decision should be reversed on the principal grounds that the ALJ erred by: (1) failing to make a severity finding regarding plaintiff's documented nerve damage at the L5 level of the spine; (2) improperly assessing plaintiff's credibility; (3) improperly assessing plaintiff's residual functional capacity ("RFC"); (4) failing to evaluate plaintiff's obesity in accordance with Social Security Ruling ("S.S.R.") 02-1p; and (5) improperly relying on the VE's testimony.

Through M&R entered January 16, 2009, United States Magistrate Judge Robert B. Jones, Jr. recommends that this court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion, and uphold the final decision of the Commissioner. Plaintiff timely objected to the M&R.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept,

2

Case 5:08-cv-00271-FL   Document 21   Filed 06/01/09   Page 2 of 7

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff raises four objections to the M&R. First, plaintiff objects to the magistrate judge's finding that the ALJ did not err in failing to classify plaintiff's nerve damage as a severe impairment. Second, plaintiff objects that the magistrate judge did not consider the ALJ's failure to request revised numbers from the VE when plaintiff's RFC was amended to include a sit-stand option. Third, plaintiff objects to the magistrate judge's approval of the ALJ's RFC determination and finding that plaintiff's testimony regarding her limitations was only partially credible. Finally, plaintiff objects to the magistrate judge's finding that the ALJ properly evaluated plaintiff's obesity. The court considers each objection in turn.

The court agrees with the magistrate judge that the ALJ did not commit reversible error in failing to make a determination regarding the severity of plaintiff's nerve damage at step two of the sequential evaluation process. Step two of the sequential evaluation requires an ALJ to consider whether a claimant has a medically severe impairment or combination of impairments. See 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920, 416.921. If the ALJ finds a claimant does not have a severe impairment or combination of impairments, then the claimant is found "not disabled" without further analysis. Otherwise, the analysis continues on to the third step of the sequential evaluation.

In this case, the ALJ did not make a determination regarding whether plaintiff's nerve damage constituted a severe impairment in and of itself. The ALJ did, however, find that plaintiff suffered from the following severe impairments: "obesity, degenerative disc disease, and

3

hypertension." (R. at 12.)  Based on this finding, the ALJ continued the evaluation to step three.

Although the Fourth Circuit has not addressed the question of whether an ALJ's failure to consider the severity of one of many impairments at step two of the evaluation constitutes reversible error where the ALJ makes a finding that the claimant has another severe impairment, other courts have done so and answered in the negative, provided the ALJ considered the impairment in subsequent steps of the sequential evaluation.  See, e.g., Hill v. Astrue, 289 Fed. Appx. 289, 292 (10th Cir. 2008); Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987); Masch v. Barnhart, 406 F. Supp. 2d 1038, 1054 (E.D. Wis. 2005).  This court agrees with these courts and finds it is not reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation, provided the ALJ considers that impairment in subsequent steps.

The court finds that the ALJ here did adequately consider plaintiff's nerve damage in later steps of the sequential evaluation, even though, as plaintiff notes, the ALJ did not expressly discuss plaintiff's EMG results.  As the magistrate judge correctly noted, there is no rigid requirement that an ALJ discuss or cite in the written decision each piece of medical evidence considered in reaching that decision.  And as plaintiff concedes, the ALJ provided a detailed recitation of much of plaintiff's medical evidence of record, including progress notes by Dr. Baule from before and after plaintiff's March 2005 surgery.  In discussing plaintiff's history of back pain, the ALJ cited Dr. Baule's November 2005 progress notes, which indicated that plaintiff had a disc bulge with contact at the left nerve root, and that plaintiff had undergone an EMG demonstrating evidence of chronic left L5 radiculopathy.  (R. at 17, 118-119.)  Furthermore, the ALJ specifically cited Dr. Baule's finding that plaintiff "had a large herniated disc fragment at L5-S1 with nerve root compression on

4

her right side." (R. at 16, 191.) At step three of the sequential evaluation process, the ALJ found that plaintiff's degenerative disc disease, although a severe impairment, "has not resulted in the compromise of a nerve root," and that "[t]here is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . ." (R. at 13.) Accordingly, the court finds the ALJ adequately considered plaintiff's nerve damage and did not err by failing to determine whether it constituted a separate severe impairment at step two.

Plaintiff bases her second objection to the M&R on the ALJ's alleged reliance on incomplete testimony by the VE. Plaintiff argues that the ALJ erred by failing to elicit testimony from the VE as to the number of representative positions available that plaintiff could perform in light of the requirement that plaintiff alternate between sitting and standing. As plaintiff concedes, the ALJ asked the VE if the jobs cited by the VE could be performed by a person who needed to alternate between sitting and standing every thirty minutes. The VE testified that all of the positions cited, for which the VE had given the approximate number of positions in the state and national economies, "would accommodate a sit/stand . . ." (R. at 252.) The logical inference from this testimony is that the sit/stand option did not reduce the number of positions available for the relevant jobs. The court thus finds no error in the ALJ's failure to inquire as to the effect of the sit-stand option on the number of positions available, where the VE testified that each of the representative positions could be performed by someone needing to alternate between sitting and standing every thirty minutes. Accordingly, plaintiff's second objection to the M&R is overruled. The court agrees with the magistrate judge that substantial evidence supports the ALJ's determination that there are significant numbers of jobs available for a person with plaintiff's limitations.

Next, plaintiff objects to the magistrate judge's finding that substantial evidence supports

5

the ALJ's determinations that plaintiff needs to alternate between sitting and standing every thirty minutes, as opposed to every five or ten minutes, and that plaintiff's testimony regarding her limitations was only partially credible. Plaintiff argues that the ALJ failed to adequately explain how the medical evidence of record supports these determinations. This court disagrees. As the magistrate judge correctly noted, the ALJ discussed plaintiff's testimony and medical history at length. After summarizing the record, the ALJ found that plaintiff has received little treatment since her surgery, that she is noted in medical records as being in no acute distress, that she remains able to care for her home, and that no physician has reported plaintiff to have any disabling limitations. As thoroughly discussed in the M&R, the ALJ considered the applicable factors in reaching the conclusion that plaintiff's testimony regarding her limitations, including the need to alternate between sitting and standing every five to ten minutes, was not entirely credible. Accordingly, this objection is overruled.

In plaintiff's final objection to the M&R, plaintiff argues that the ALJ failed to properly evaluate plaintiff's obesity. As plaintiff rightly notes, obesity in combination with other impairments can cause more pain than would be expected to result from the other impairments alone. Recognizing this, S.S.R. 02-1p requires an ALJ to consider a claimant's obesity in making a number of determinations throughout the sequential evaluation process. S.S.R. 02-1p, 2000 WL 628049, at *3. The Social Security Administration has specifically recognized that obesity increases the likelihood that individuals will develop a number of conditions, and that obesity interacts with certain conditions to produce impairments greater than might otherwise be expected. Id. at *6-7, *17.

The ALJ in this case expressly addressed plaintiff's obesity in accordance with the law. The ALJ cited medical evidence which noted plaintiff's weight and the likelihood that plaintiff suffered

6

exacerbation of the disc bulge due to her obesity. (R. at 17.) The ALJ found plaintiff's obesity to be a severe impairment, but one that does not prevent plaintiff from moving her limbs, lifting or carrying 10-20 pounds, or from sitting, standing and walking six hours of an 8-hour work day. (R. at 12-13.) The court makes reference to the magistrate judge's thorough consideration of this issue in the M&R, and agrees that the ALJ's treatment of plaintiff's obesity fully comports with regulatory rulings at all steps of the sequential evaluation process.

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED. The court therefore upholds the decision of the Commissioner. Plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion for judgment on the pleadings is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 29th day of May, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge